IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, | Cr. No.: 08-326-TMC |
| v. | **OPINION & ORDER** |
| Tyreise Swain, | |
| Movant. | |

This matter is before the court on Tyreise Swain's ("Swain's") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government has responded and filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has not responded to the Government's motion and the time to do has run. Accordingly, this matter is now ripe for resolution. For the reasons set forth below, Swain's motion is denied.

**I. Background**

On September 23, 2008, following a two-day jury trial, Swain was found guilty of five counts of robbery, in violation of 18 U.S.C. § 1951(a); five counts of using and carrying a firearm during a robbery, in violation of 18 U.S.C. § 924(c)(1)(A); one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); and one count of felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) & 924(e).

On January 21, 2009, Swain was sentenced by United States District Judge Henry F. Floyd to a total of 1494 months imprisonment to be followed by five (5) years of supervised release. Judgment was entered on February 10, 2009. Swain filed a direct

appeal on January 23, 2009.  On October 15, 2010, the Fourth Circuit Court of Appeals affirmed Swain's convictions and sentence.  On February 22, 2012, the United States Supreme Court denied Swain's petition for a writ of certiorari.  Thereafter, Swain filed the instant § 2255 motion.

## II. Standard of Review

To obtain relief on a motion under 28 U.S.C. § 2255, the movant must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Thus, a movant must establish either an error of "constitutional or jurisdictional magnitude" or an error which "could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice."  *Hill v. United States*, 368 U.S. 424, 428 (1962). However, if a movant does not raise a claim on direct review, he may not raise it for the first time on collateral review unless the movant can show (1) cause and actual prejudice or (2) actual innocence.  *Bousley v.. United States*, 523 U.S. 614, 621–22, (1998).  If the movant cannot satisfy the cause and prejudice analysis, movant may be excused from default if the case falls "within 'the narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995). To do so the movant must establish through new evidence "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Id.* at 327.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that his counsel's deficiencies prejudiced his defense.  *Strickland v. Washington,*

2

466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689. As to the prejudice prong, a petitioner has the burden to prove that the alleged deficiencies were, in fact, prejudicial to the outcome of the proceeding. It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. *Id.* at 693.

### III. Discussion

In his § 2255 motion, Swain alleges his trial counsel was ineffective for failing to file a motion to suppress evidence discovered during a search. The government contends Swain's § 2255 motion is untimely and without merit.

**A. Timeliness**

The United States Supreme Court denied Swain petition for a writ of certiorari on February 22, 2011. On that date, Swain's conviction became final for purposes of the federal habeas statute of limitations. *See Rhines v. Weber*, 544 U.S. 269, 272 (2005). Accordingly, Swain then had until February 22, 2012, to file his federal habeas petition. The record shows that Swain signed the petition on February 17, 2009, it was postmarked February 21, 2012, and the court received the petition on February 27, 2012. (Dkt. # 88).

A pleading submitted by an incarcerated litigant is deemed filed when the it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266 (1988); *Lewis v. City of Richmond Police Dep't*, 947 F.2d 733 (4th Cir.1991). Here, Swain signed the petition on February 17, 2009, but he did not certify when he placed his petition in the prison mailing system and, in fact, there are no indications that he ever gave the petition to prison officials

3

for mailing. However "[a]bsent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant habeas petition] was delivered to prison authorities the day [Petitioner] signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Accordingly, the court declines to find that Swain's petition is untimely.

**B. Merits**

Swain contends that his trial counsel was ineffective for failing to object to the admission of evidence recovered from an illegal search of his home. Swain contends the search was illegal because he never consented to it. Without the evidence retrieved during the search, Swain contends his "sentence would have been substantially lower than the 1,494 months of imprisonment that he received."[1]

The government contends that Swain's fiancé, Elaudivette Marrero, who was the lessee of the apartment, gave her written consent and told deputies that Swain did not live at the apartment full-time. Further, the government contends that Officer Maxwell testified that Swain gave his consent to the search as well. Moreover, the government argues that Swain gave a written confession regarding the robberies.

Swain counters that, while he was not a lessee of the apartment, he was an overnight guest and he had an expectation of privacy. (Dkt. # 102 - Mem. Opp. Summ. J. Mot. at 4). Swain argues that he did not give his consent to the search and, in fact, he specifically refused to consent to the search. *Id.* at 3. Citing *Georgia v. Randolph*, 547 U.S. 103 (2006), Swain contends that an express refusal of consent to search by a physically present

---

[1] Swain contends that while he did give a written confession following his arrest, the confession did not include one of the robberies or the possession of the .25 caliber ammunition. (Dkt. # 88 - Mem. Supp. Mot. at 5 n.1).

4

inhabitant is dispositive as to him regardless of the consent given by a fellow occupant. *Id.* at 5

In *Randolph*, the Supreme Court held that to defeat a cotenant's consent, the defendant must be both "present and objecting." *Id.* at 114. "The Court's decision [in *Randolph*] is replete with references to the requirement that the defendant be 'standing at the door and expressly refusing consent' at the time the police solicit entry from the cotenant." *United States v. Shrader*, 675 F.3d 300, 309 (*citing Randolph*, 547 U.S. at 119-121).

Here, Swain has failed to satisfy an essential requirement of *Randolph*. Swain was not "physically present" to object to his fiance's consent. In his motion, Swain states that he had been arrested, removed from the home, and placed in a patrol car when the search took place. (Dkt. # 88 - Motion at 5; Mem. Supp. Mot. at 2).[2] Further, there is no evidence that the police arrested Swain as a pretext for seeking consent from his fiance or in an effort to thwart his Fourth Amendment rights. In *Randolph*, the Court specifically held that "if a potential defendant with self-interest in objecting is in fact at the door and objects, the co-tenant's permission does not suffice for a reasonable search, whereas the potential objector, nearby but not invited to take part in the threshold colloquy, loses out. This is the line we draw, and we think the formalism is justified." *Id.* at 121.

Here, even assuming Swain specifically refused to consent, he was absent from the premises, and there was no evidence that he was arrested in an effort to nullify his refusal to consent to the search. Furthermore, Swain's fiance's consent allowed the police to

---

[2]Swain contends that after he had been arrested and removed from the home, the officers conducted an initial protective sweep and found nothing, and they then performed another search during which the evidence he objects to was discovered.

search the apartment. Accordingly, the search was not illegal and counsel was not deficient for failing to object to the admissibility of the evidence seized during the search.

## IV. Conclusion

For the foregoing reasons, Swain's § 2255 Motion (Dkt. # 88) is **DENIED** and the Government's Motion for Summary Judgment (Dkt. #98) is **GRANTED**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

December 14, 2012
Anderson, South Carolina